UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR,<br><br>    Plaintiff,<br><br>vs.<br><br>C/O FLEMING, and SGT. MECHTEL,<br><br>    Defendants. | Case No.: 1:13-cv-00380-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT**<br>**(DKTS. 117, 123)** |

Pending are Plaintiff's Motion for Partial Summary Judgment (Dkt. 117) and Plaintiff's Motion Requesting Entry of Partial Summary Judgment Due to Failure to Respond Timely (Dkt. 123). Having carefully considered the record, heard argument, and otherwise being fully advised, the Court enters the following memorandum decision and order, consistent with its rulings from the bench during the hearing held on these motions on August 29, 2018.

## BACKGROUND

Plaintiff Jody Carr is incarcerated in the custody of the Idaho Department of Correction. Am. Compl. p. 2 (Dkt. 103). He brought this suit in August of 2013 under 42 U.S.C. § 1983, seeking damages, declaratory relief, and injunctive relief. *See generally* Compl. (Dkt. 3). His Complaint raised various civil rights claims against four Idaho Department of Correction employees. *Id.* Carr's claims were dismissed on summary judgment and the case was ordered closed (Dkts. 78, 79). Carr appealed (Dkt. 83) and the Ninth Circuit Court of Appeals affirmed in part and reversed in part this Court's grant of summary judgment. (Dkt. 92). The appellate court reversed (1) the grant of summary judgment to Defendant Fleming; and (2) the denial of Carr's motion for leave to file an amended complaint to add a retaliation claim against Sergeant Mechtel. (Dkt. 92.) Subsequently, Carr's amended complaint was deemed filed (Dkt. 103).

MEMORANDUM DECISION AND ORDER RE: SUMMARY JUDGMENT MOTIONS – 1

Carr's amended complaint raises three claims. He alleges that Defendant correctional officer Crystal Fleming fed him human feces contaminated with clostridium difficile bacteria, which caused him to become violently ill for a period of 16 months. *Id.* He claims that Fleming violated his civil rights by retaliating against him, by inflicting cruel and unusual punishment, and by demonstrating deliberate indifference to his health and welfare. *Id.* He further alleges that Defendant Sergeant Mechtel issued him two Disciplinary Offense Reports ("D.O.R.s") after Carr sent Fleming what Carr contends was a "settlement letter" in conjunction with this lawsuit. *Id.* Carr claims that Mechtel violated his civil rights by issuing the D.O.R.s to retaliate against Carr engaging in his protected First Amendment rights in sending the letter. *Id.*

Carr moves for partial summary judgment on the liability element of his retaliation claim against Mechtel. (Dkt. 117.) While the motion was pending, Carr filed an additional motion requesting entry of partial summary judgment due to Mechtel's alleged failure to timely respond to Carr's first motion for partial summary judgment. (Dkt. 123.) Mechtel opposes both motions. (Dkts. 121, 125.)

The Court heard oral argument on both motions on August 29, 2018. During the hearing, the Court ruled from the bench, denying both motions. This memorandum decision and order more fully explains the Court's reasoning for denying the motions.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). One principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal

tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). There must be a genuine dispute as to any *material* fact — a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). However, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *See McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the non-moving party's case. *See Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in his favor. *See Devereaux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by [his] own affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex*, 477 U.S. at 324. Where reasonable minds could differ on the material facts at issue, summary judgment should not be granted. *Anderson*, 477 U.S. at 251.

## ANALYSIS

**1. Analysis of Plaintiff's Motion for Partial Summary Judgment.**

Carr seeks partial summary judgment on Mechtel's liability with respect to Carr's First Amendment retaliation claim. For incarcerated plaintiffs, the elements of a First Amendment retaliation claim are: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Carr's motion must be denied because there is a genuine issue of material fact as to whether the action of issuing the D.O.R.s reasonably advanced a legitimate correctional goal. There is no dispute that Carr sent Fleming a letter and that Mechtel issued Carr two D.O.R.s following that letter. There is dispute over the significance of the letter. Carr contends that his sending of the letter was prompted by a document titled "Pro Se Litigants FAQs" sent to him by the Court along with the Order of Conditional Filing (Dkt. 4). Specifically, Carr relies upon language which said that "You may do informal tasks, such as attempting to resolve your claim with the other party by letter." Carr argues, variously, that he was "ordered" to send such a letter, or that he was permitted to send the letter, and therefore, he implies, there was no legitimate correctional goal in Mechtel issuing the D.O.R.s because of the letter.

In opposition, Mechtel relies upon a declaration filed in a different lawsuit brought by Carr, where Mechtel said "I believed in good faith that Plaintiff's correspondence to Fleming, which included a number of accusations and demands and I felt was hostile and aggressive, was

intended to harass or intimidate her and was inappropriate and unauthorized by prison rules."[1] Therefore, Mechtel argues, the D.O.R.s reasonably advanced the legitimate correctional goal of deterring Carr from further harassing or intimidating correctional officers. Moreover, issuing Carr D.O.R.s for unauthorized communication and harassment in response to his letter advanced the legitimate correctional goal of maintaining order and compliance with prison rules.

This letter (Dkt. 117-4 pp. 21–25) says it is "a settlement offer … to attempt to resolve these issues." *Id.* at p. 23. The language of the letter does not, however, hew to such a path. Carr says in the letter that the "other three Defendants I will attempt to resolve with, but with you, you will need to go down to the Clearwater County Prosecutors Office and confess and plead guilty to assault & attempted murder, followed by conspiracy and retaliation." *Id.* at p. 22. The letter also states that "the only way to save all involved is if I get transferred to Givens Hall NOW!" *Id.* at p. 23. Finally, the letter states "I don't want to scare you into settling, I want a jury, a U.S. federal judge and the public to know, I want to go to trial! I already have the evidence, you're not only facing monetary litigation, you're facing prison! …. Settle … before the end of September 2013 or I'll see you at your jury trials!" *Id.* at p. 25.

Carr admits that the letter is strongly worded, but he argues that threats are a necessary element of encouraging settlement. Carr may sincerely believe that such threats have a legitimate purpose, but to make such threats and then to characterize them as a "settlement proposal" does not insulate a prisoner from the consequences of statements that would otherwise represent a threat against a correctional officer. The incongruity of that result is obvious, and at a minimum, the nature of the letter raises a genuine issue of material fact as to whether the D.O.R.s issued in

---

[1] The Court takes judicial notice of this filing, which appeared at Dkt. No. 73-18 in *Carr v. Carlyn, et al.*, 1:14-cv-000125-BLW (D. Idaho, Nov. 7, 2016).

response to the letter met legitimate correctional goals.² Hence, Carr is not entitled to partial summary judgment on the liability element of his retaliation claim against Mechtel.

   **2. Analysis of Plaintiff's Motion Requesting Entry of Partial Summary Judgment Due to Failure to Timely Respond.**

Carr contends that Mechtel failed to oppose the motion in a timely manner. (Dkt. 123.) Carr moved for summary judgment on April 16, 2018. (Dkt. 117.) Mechtel's response was due by May 7, 2018. Dist. Loc. Civ. R. 7.1(c)(1) ("The responding party shall serve and file a response brief … within twenty-one (21) days after service upon the party of the memorandum of points and authorities of the moving party."). Mechtel timely served and filed his response on May 7, 2018. (Dkt. 121). Accordingly, and without further consideration, the Court will deny Carr's motion for entry of partial summary judgment due to failure to timely respond.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion for Partial Summary Judgment (Dkt. 117) and Plaintiff's Motion Requesting Entry of Partial Summary Judgment Due to Failure to Respond Timely (Dkt. 123) are DENIED.



DATED: **September 4, 2018.**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

---

   ² Importantly, the fact that an inmate might be subject to discipline for statements that the prison staff views as a threat against a correctional officer, contained in a letter styled as a "settlement letter" regarding a lawsuit filed by the inmate, does not prevent the inmate from being able to send a letter discussing the possibility of setting the lawsuit. Rather, it simply subjects the inmate's written communications to the same rules regarding the content and the nature of the inmate's communications as would exist in any other written communication made by the inmate to prison officials, such as in a written grievance.