UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR,<br><br>    Plaintiff,<br><br>vs.<br><br>C/O FLEMING, and SGT. MECHTEL,<br><br>    Defendants. | Case No.: 1:13-cv-00380-REB<br><br>MEMORANDUM DECISION AND ORDER RE:<br><br>PLAINTIFF'S MOTIONS REQUESTING APPOINTMENT OF COUNSEL<br>(DKTS. 134, 143)<br><br>PLAINTIFF'S REQUESTS FOR SUBPOENAS<br>(DKTS. 135, 136) |

Pending are Plaintiff's Motion Requesting Appointment of Counsel Due to Exceptional Circumstances (Dkt. 134), Plaintiff's Requests for Subpoenas Duces Tecum (Dkt. 135), Plaintiff's Requests for Subpoenas (Dkt. 136), and Plaintiff's Motion for Appointment of Counsel Due to Exceptional Circumstances (Dkt. 143). Having carefully considered the record, and being fully advised, the Court enters the following memorandum decision and order.

## BACKGROUND

Plaintiff Jody Carr is incarcerated in the custody of the Idaho Department of Correction. Am. Compl. p. 2 (Dkt. 103). He brought this suit under 42 U.S.C. § 1983, seeking damages, declaratory relief, and injunctive relief. *See generally* Compl. (Dkt. 3). His Complaint raised various civil rights claims against four Idaho Department of Correction employees. *Id.* Carr's claims were dismissed on summary judgment and the case was ordered closed (Dkts. 78, 79). Carr appealed (Dkt. 83) and the Ninth Circuit

**MDO RE: MOTIONS FOR COUNSEL AND REQUESTS FOR SUBPOENAS – 1**

Court of Appeals affirmed in part and reversed in part this Court's grant of summary judgment. (Dkt. 92). The appellate court reversed (1) the grant of summary judgment to Defendant Fleming; and (2) the denial of Carr's motion for leave to file an amended complaint to add a retaliation claim against Sergeant Mechtel. (Dkt. 92.) Subsequently, Carr's amended complaint was deemed filed (Dkt. 103).

Carr's amended complaint raises three claims. He alleges that Defendant correctional officer Crystal Fleming placed human feces into his food without his knowledge. He alleges that the feces, and therefore also the food he consumed, was contaminated with clostridium difficile bacteria which caused him to become violently ill for a period of 16 months. *Id.* He claims that in doing that act Fleming violated his civil rights by retaliating against him, by inflicting cruel and unusual punishment, and by demonstrating deliberate indifference to his health and welfare. *Id.* He further alleges that Defendant Sergeant Mechtel issued him two Disciplinary Offense Reports ("D.O.R.s") after Carr sent Fleming what Carr contends was a "settlement letter" in conjunction with this lawsuit. *Id.* Carr claims that Mechtel violated his civil rights by issuing the D.O.R.s to retaliate against Carr engaging in his protected First Amendment rights in sending the letter. *Id.*

This Court previously denied (Dkt. 142) two motions for partial summary judgment filed by Carr. Defendants have filed a motion for summary judgment (Dkt. 145) that remains pending and is not resolved by the instant memorandum decision and order.

## LEGAL STANDARD

Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id.* To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive and both must be evaluated together. *Id.*

## ANALYSIS

**1. Plaintiff's Requests for Counsel Are Granted in Part and Denied in Part.**

The Court concludes that Carr has demonstrated some likelihood of success in this litigation and that the complexity and novelty of the issues would support the appointment of pro bono counsel. Moreover, Carr's filings allege that he is "having difficulties with a paralegal … refusing to mail my documents" and that the first mailing of one of the instant motions was apparently unsuccessful. (Dkt. 136-1.) A credible claim that his access to the courts is being restricted presents another circumstance supporting the appointment of pro bono counsel. The Court has determined that it is

appropriate to appoint counsel if possible.  Good cause appearing, the Court will order that court staff begin a search for pro bono counsel for Carr.

Carr is advised, however, that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d).  *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989).  Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment.  *Id.*  There are no funds to pay the attorney's fees of appointed counsel in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment.  For these reasons, Carr should continue to attempt to obtain his own counsel on a contingency or other basis.  If the Court is unable to locate pro bono counsel, and if Carr is unable to find his own counsel, then he will have to continue to litigate this case pro se.  Thus, Carr's motions requesting the appointment of counsel are granted to the extent that the Court will seek to locate pro bono counsel.  The motions are otherwise denied.

**2. Plaintiff's Requests for Subpoena Are Denied, With Leave to Refile.**

Carr has asked this Court to issue ten subpoenas duces tecum (Dkt. 135) as well as 29 subpoenas targeting named individuals (Dkt. 136).  As Defendants point out, Carr's subpoena requests do not comply with Federal Rule of Civil Procedure 45 in a variety of ways.  *See* Defs.' Resp. and Objs. to Plf.'s Requests for Subpoenas 4–5 (Dkt. 144).  Defendants also argue that Carr's subpoena requests are untimely, noting that subpoenas are discovery and that fact discovery was to be completed by July 31, 2018.  *Id.* at 3; Case Management Order 2 (Dkt. 119).

However, Carr's requests for appointment of counsel allege that he has been denied the opportunity to engage in certain discovery. He claims that, as an inmate, "he is not permitted 'inmate to inmate correspondence,' he is not allowed the contact information of IDOC officials or staff, addresses and such, he cannot contact witnesses, nor gather the appropriate evidentiary exhibits and medical information." Plf.'s Mot. Requesting Appointment of Counsel 3–4 (Dkt. 134). These difficulties, Plaintiff argues, greatly hinder his ability to investigate the facts necessary for him to pursue his case. *Id.* at 4. His requested subpoenas target several inmates and IDOC personnel.

The Court is persuaded that such circumstances in this particular case, along with Carr's status as a pro se inmate untrained in the law, have hindered his opportunities to engage in effective discovery in this matter. However, his requests for subpoenas cannot be granted as drafted because they do not comply with Federal Rule of Procedure 45. Moreover, Defendants are correct that the previously-set fact discovery deadline has lapsed.

As discussed above, Carr's request for the appointment of counsel is granted in part and the Court will attempt to find volunteer counsel to assist Carr in prosecuting his case. If such counsel is found or if counsel willing to take on the representation cannot be found, the Court may consider reopening discovery or otherwise modifying the deadlines set in the prior Case Management Order. At this point, however, both of Carr's requests for subpoenas will be denied as untimely, with leave to refile if Carr obtains counsel or if the Court determines it would be in the interest of justice to permit discovery to be reopened because of the difficulties Carr has described.

# ORDER

IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion Requesting Appointment of Counsel Due to Exceptional Circumstances (Dkt. 134) and Plaintiff's Motion for Appointment of Counsel Due to Exceptional Circumstances (Dkt. 143) are GRANTED IN PART AND DENIED IN PART, as set forth above. The Court will attempt to find pro bono counsel to take on this matter.

2. Pursuant to General Order Nos. 261 and 310, the Court's Pro Bono Coordinator shall contact the Pro Bono Liaison for assistance in finding pro bono counsel for Plaintiff pursuant to the terms of this Order. The parties shall not contact the Coordinator or the Liaison but shall await another Order from the Court identifying pro bono counsel, if any can be found, who will be appointed to assist or represent Plaintiff.

3. The Clerk of Court shall provide a courtesy copy of this Order to Wendy Messuri, the Court's Pro Bono Coordinator.

4. Plaintiff's Requests for Subpoenas Duces Tecum (Dkt. 135) and Plaintiff's Requests for Subpoenas (Dkt. 136) are DENIED, without prejudice to refile as described in the decision.

DATED: **March 28, 2019.**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge